Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
J & J Sports Productions, Inc.

UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RAFAEL CHAVEZ, INDIVIDUALLY and d/b/a 7 MARES MEXICAN RESTAURANT; and 7 MARES MEXICAN RESTAURANT, an unknown business entity d/b/a 7 MARES MEXICAN RESTAURANT, <br><br> Defendants. | Case No. **CV09-05640 WDK FMOx** <br><br> COMPLAINT |

PLAINTIFF ALLEGES:

## JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq*, and California B&P Section 17200, a California state statute.

Page 1

2.  This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3.  This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of California constituting an unfair business practice in violation of the law, including specific California state statutes, more particularly set forth below.

## **VENUE**

4.  Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Central District of California, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* all Defendants' reside within the State of California (28 U.S. C. § 1391 (b) and 28 U.S.C. § 84(c)(2)).

## **INTRADISTRICT ASSIGNMENT**

5.  Assignment to the Western Division of the Central District of California is proper because a substantial part of the events or omissions giving rise to the claim occurred in Los Angeles County and/or the United States District Court for the Central District of California has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

///
///
///

## THE PARTIES

6. Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

7. Plaintiff is informed and believes, and alleges thereon that Defendant, Rafael Chavez, is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as 7 Mares Mexican Restaurant operating at 3077 Baldwin Park Boulevard, Baldwin Park, California 91706.

8. Plaintiff is informed and believes, and alleges thereon that Defendant, 7 Mares Mexican Restaurant, is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as 7 Mares Mexican Restaurant operating at 3077 Baldwin Park Boulevard, Baldwin Park, California 91706.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

9. Plaintiff J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-8, inclusive, as though set forth herein at length.

10. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *"War for 4": Erik Morales v. David Diaz, WBC World Lightweight Championship Fight Program Championship Fight Program,* telecast nationwide on Saturday, August 4, 2007 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

///

///

11. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of California, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

12. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff J & J Sports Productions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

13. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every of the above named Defendants and/or their agents, servants, workmen or employees did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Baldwin Park, California located at 3077 Baldwin Park Boulevard, Baldwin Park, California 91706.

14. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

15. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff J & J Sports Productions, Inc., had the distribution rights thereto).

16. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

///

///

17. By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

18. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each Defendant:

    (a) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

    (b) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

19. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-18, inclusive, as though set forth herein at length.

20. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq.*

21. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq.*

22. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

///

23. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each Defendant:

(a) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (b)(2); and also

(b) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

(c) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT III
### (Conversion)

24. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-23, inclusive, as though set forth herein at length.

25. By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at their commercial establishment at the above-captioned address, the aforementioned Defendants, and each of them, tortuously obtained possession of the *Program* and wrongfully converted same for their own use and benefit.

26. The aforesaid acts of the Defendants were willful, malicious, egregious, and intentionally designed to harm Plaintiff J & J Sports Productions, Inc., by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them, and in doing so, the Defendants subjected the Plaintiff to severe economic distress and great financial loss.

27. Accordingly, Plaintiff J & J Sports Productions, Inc., is entitled to both compensatory, as well as punitive and exemplary damages, from aforementioned Defendants as the result of the Defendants' egregious conduct, theft, and conversion of the *Program* and deliberate injury to the Plaintiff.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT IV

### (Violation of California Business and Professions Code Section 17200, *et seq.*)

28. Plaintiff hereby incorporates by reference all of the allegations contained in Paragraphs 1-27, inclusive, as set forth herein at length.

29. By contract, Plaintiff J & J Sports Productions, Inc., was granted exclusive domestic commercial exhibition closed-circuit rights to the *Program*.

30. Plaintiff did not authorize transmission, interception, reception, divulgence, exhibition, or display of the *Program* to the general public, persons at large, or to the commercial establishment operated by the foregoing Defendants, or any of them.

31. With full knowledge that the *Program* was not to be intercepted, received, published, divulged displayed, and/or exhibited by commercial locations unlicensed (and therefore unauthorized) to do so, each and every one of the above-named Defendants and/or their agents, servants, workmen, or employees did unlawfully intercept, received, publish, divulge, display, and/or exhibit the *Program* at the real time transmission of the *Program's* broadcast at their respective commercial establishments, as more particularly indicated and identified above.

32. Plaintiff is informed and believes and alleges thereon that the Defendants and/or their agents, servants, workmen, or employees performed the aforementioned acts knowingly, willfully and to confer a direct or indirect commercial advantage and/or pirate financial gain to the Defendants and/or their agents,

servants, workmen, or employees, to the detriment and injury of Plaintiff and its business enterprise as a commercial distributor and closed-circuit licensor of sports and entertainment television programming.

33. The Defendants' unauthorized interception, publication, divulgence and/or exhibition was done by the Defendants and/or their agents, servants, workmen, or employees wantonly, recklessly, and without regard whatsoever for the intellectual property rights of the Plaintiff.

34. The aforementioned unlawful acts of each of the Defendants and/or their agents, servants, workmen, or employees constituted, unlawful, untrue, fraudulent, predatory, unfair, and deceptive trade practices, and by reason of the aforementioned conduct, the Defendants, and each of them, violated California and Professions Code Section 17200, *et seq.*

35. As a proximate result of the aforementioned acts attributable to the Defendants, Plaintiff has been permanently deprived of the patronage of current, previous and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry, all to its severe financial injury and loss in a sum to be determined at trial.

36. By reason of the Defendants' violation of California Business and Professions Code Section 17200, *et seq.*, Plaintiff J & J Sports Productions, Inc. is entitled to restitution for its injuries, the disgorgement and turn-over of the Defendants' ill-gotten gains, as well as injunctive and declaratory relief, from each of the aforementioned Defendants as may be made more appropriately determined at trial.

37. Plaintiff is entitled to it's attorneys' fees from the Defendants for enforcing California Business and Professions Code Section 17200 as it meets the standards of a private attorney general as specifically and statutorily defined under California Civil Procedure Section 1021.5.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendants, and each of them, and
2. For reasonable attorneys' fees as mandated by statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper;

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them, and;
2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory damages in an amount according to proof against the Defendants, and each of them, and;
2. For exemplatory damages against the Defendants, and each of them, and;
3. For punitive damages against the Defendants, and each of them, and;
4. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;
5. For all costs of suit, including but not limited to filing fees, service of process fee, investigative costs, and;

6. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Fourth Count:**

1. For restitution to the Plaintiff in an amount according to and from the Defendants, for their ill-gotten gains, and;
2. For declaratory relief, and;
3. For prohibitory and mandatory injunctive relief, and;
4. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;
5. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
6. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Dated: 7/29/09

LAW OFFICES OF THOMAS P. RILEY, P.C.
By: Thomas P. Riley, Esquire
Attorneys for Plaintiff
J & J Sports Productions, Inc.

///
///
///
///
///

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge William D. Keller and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV09- 5640 WDK (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | CASE NUMBER |
|---|---|
| J & J Sports Productions, Inc., <br><br> PLAINTIFF(S), <br> v. <br> Rafael Chavez, <br> (Please see attached) <br><br> DEFENDANT(S). | CV- **CV09-05640 WDK FMOx** <br><br> SUMMONS |

TO:   THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney

_____Thomas P. Riley, Esq._____ , whose address is:

Law Offices of Thomas P. Riley, P.C.
1114 Fremont Avenue
South Pasadena, CA 91030
Tel: (626) 799-9797

An answer to the ✖ COMPLAINT,  •  _____ AMENDED COMPLAINT,
(1st, 2nd, etc.)

•  COUNTERCLAIM,  •  CROSS-CLAIM   which is herewith served upon you within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK, U. S. DISTRICT COURT

DATE: JUL 3 1 2009

By _____
   Deputy Clerk

(SEAL OF THE COURT)

CV-1A (01/01)                                                                 SUMMONS

Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
J & J Sports Productions, Inc.

UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RAFAEL CHAVEZ, INDIVIDUALLY and d/b/a 7 MARES MEXICAN RESTAURANT; and 7 MARES MEXICAN RESTAURANT, an unknown business entity d/b/a 7 MARES MEXICAN RESTAURANT, <br><br> Defendants. | Case No. <br><br> COMPLAINT |

PLAINTIFF ALLEGES:

### JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq*, and California B&P Section 17200, a California state statute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| J & J Sports Productions, Inc., PLAINTIFF(S), v. Rafael Chavez, (Please see attached) DEFENDANT(S). | CV- **CV09-05640 WDK FMOx** SUMMONS |

TO:   THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney

_____Thomas P. Riley, Esq._____, whose address is:

Law Offices of Thomas P. Riley, P.C.
1114 Fremont Avenue
South Pasadena, CA 91030
Tel: (626) 799-9797

An answer to the ✘ COMPLAINT,   •  _____ AMENDED COMPLAINT,
(1st, 2nd, etc.)
• COUNTERCLAIM,   • CROSS-CLAIM   which is herewith served upon you within __20__ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK, U. S. DISTRICT COURT

DATE:   JUL 3 1 2009

By_____LA'REE HORN_____
Deputy Clerk
(SEAL OF THE COURT)

1192

CV-1A (01/01)                                             SUMMONS

Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
J & J Sports Productions, Inc.

UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RAFAEL CHAVEZ, INDIVIDUALLY and d/b/a 7 MARES MEXICAN RESTAURANT; and 7 MARES MEXICAN RESTAURANT, an unknown business entity d/b/a 7 MARES MEXICAN RESTAURANT, <br><br> Defendants. | Case No. <br><br> COMPLAINT |

PLAINTIFF ALLEGES:

### JURISDICTION

1.  Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq,* and California B&P Section 17200, a California state statute.

# CIVIL COVER SHEET

**I(a) PLAINTIFFS**

J & J Sports Productions, Inc.

**DEFENDANTS**

Rafael Chavez, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

Thomas P. Riley, SBN# 194706
Law Offices of Thomas P. Riley, P.C.
1114 Fremont Avenue
South Pasadena, CA 91030
Tel: (626) 799-9797

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties In Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    **DEMAND** $ 150,000.00

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violation of Telecommunications Statutes 47 USC 553; 47 USC 605

## VII. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| OTHER STATUTES | CONTRACT | TORTS | TORTS | FORFEITURE / PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Heal;th | ☐ 840 Trademark |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment Of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung(923) |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Information Act | ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☒ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | |
| | ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | | ☐ 555 Prison Condition | | |

## VIII(a). IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed?  **X** No  ☐ Yes

If yes, list case number(s): _____

**FOR OFFICE USE ONLY:**  G Pro Hac Vice fee:   G paid   G not paid
Applying IFP _____  Judge _____  Mag. Judge _____

**CV 09-05640**

CIVIL COVER SHEET
(Reverse Side)

AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? __X__ No ____ Yes

If yes, list case number(s):

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:
(CHECK ALL BOXES THAT APPLY)
- ☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;
- ☐ B. Involve the same or substantially the same parties or property;
- ☐ C. Involve the same patent, trademark or copyright;
- ☐ D. Call for determination of the same or substantially identical questions of law, or
- ☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

Santa Clara

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.

Los Angeles

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
NOTE: In land condemnation cases, use the location of the tract of land involved.

Los Angeles

X. SIGNATURE OF ATTORNEY (OR PRO PER): X _____  Date _____

NOTICE TO COUNSEL/PARTIES: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |